# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHNNYETTE SLOAN, on behalf of herself and all others similarly situated**,<br><br>Plaintiffs,<br><br>v.<br><br>**RENZENBERGER, INC.**,<br><br>Defendant. | No. 10-2508–CM–JPO |

## MEMORANDUM AND ORDER

Plaintiff Johnnyette Sloan, on behalf of herself and all others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime compensation and related penalties and damages. Defendant Renzenberger, Inc., is a Kansas corporation that provides crew transportation services to railroads and other industries. Plaintiff Sloan claims in Count I that a class of hourly, nonexempt employees who worked as dispatchers and auditors at defendant's Kansas administrative facility are entitled to, *inter alia*, unpaid overtime under the provisions of the FLSA.[1] This matter is before the court on Plaintiff's Motion for Conditional Certification of Collective Claims Under § 216(b) of the FLSA (Doc. 35). In the instant motion, plaintiff seeks conditional certification of the class; designation of plaintiff

---

[1] (*See* Docs. 1, at 15; 36, at 1–2). Since this action was filed, three plaintiffs have opted-in. Plaintiff Sloan's complaint also asserts a class action under Kansas law for breach of contract; unjust enrichment; and violation of the Kansas Wage Payment Act, Kan. Stat. Ann. § 44-312, *et seq.* She also brings individual claims against Renzenberger for violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").

Sloan as class representative and her counsel as class counsel; approval of plaintiff's proposed Notice and Consent to Become a Plaintiff (Doc. 36-7); an order requiring defendant to post the notice at its Kansas facility in an area readily and routinely available for review by potential class members; and an order requiring defendant to provide plaintiff with a list of names, addresses, and phone numbers of putative class members. Defendant argues that plaintiff's suit is not appropriate for conditional class certification because it does not allege that plaintiff and putative class members were victims of a single policy, plan, or decision to deny them overtime; instead putative class members make individualized claims. For the following reasons, the court conditionally certifies the class.

**Standard for Conditional Class Certification**

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class. Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination.

Under the Tenth Circuit's *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). This standard is a lenient one, *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004), which "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or

plan,'" *id.* The court typically makes the determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). And in making the determination, the court does not reach the merits of plaintiff's claims. *See Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 435 (D. Kan. 2007). After the parties have completed discovery, the court then makes a second determination, applying a stricter "similarly situated" standard. *Thiessen*, 267 F.3d at 1102–03 (citation omitted).

This case is in its early stages. The original complaint was filed September 21, 2010. Although three individuals have filed opt-in consent forms and it appears that some discovery has occurred, the court's December 2010 scheduling order did not set a discovery deadline, nor has there been a date set for the final pretrial conference, or for trial. Moreover, defendant does not argue that the "second stage" analysis applies. Thus, the court will analyze plaintiff's motion under the lenient "notice stage" standard described above.

**Similarly Situated**

The issue before the court is whether plaintiffs have met their light burden of showing that members of the putative class are similarly situated. A plaintiff can demonstrate that she and putative class members are similarly situated by showing that they were subject to a common policy. *Brown*, 222 F.R.D. at 679; *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (stating "courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.").

Plaintiff's complaint alleges that as non-exempt, hourly employees, she and other putative class members were required to record their work time in defendant's "Chronos" or "Kronos" (*see* Docs. 1, at 7; 36, at 4) timekeeping system; defendant's policy required these employees to time

themselves in and out before and after each shift; and defendant's policy stated employees would "be paid only for the time registered by the time keeping system." (Doc. 1, at 7) (quoting Renzenberger Employee Handbook, at 34.) Plaintiff alleges that this timekeeping system "ignored any time such employees entered which was more than 10 minutes before their shift began" and processed this "rounded time entry"—not the actual pre-shift start time entered—for payroll purposes. (Doc. 1, at 7.) While these allegations alone would not state an FLSA claim, plaintiff also alleges defendant required employees to be early for their shifts for various reasons, but failed to pay them for this time, despite the fact that they were clocked in. Plaintiff also claims that, at least for some time period, if employees clocked in at least one hour after their shift began, the timekeeping system ignored any time such employees entered before the next whole hour increment.[2] Thus, plaintiff asserts that defendant's compensation policy requires plaintiff and putative class members to perform work and/or be present at work while not being compensated, and that defendant's timekeeping system allows defendant to "shave" these employees' recorded hours to eliminate or reduce hours worked in excess of forty per week.

Defendant argues that, even if the allegations are taken as true, plaintiff does not allege she and the putative class were victims of a single decision, policy, or plan. Rather, defendant argues that the claims of each opt-in plaintiff are based on a different alleged policy or plan, and that they were victims of different decisions by different supervisors. Defendant's brief details the evidence regarding each opt-in plaintiff.

---

[2] Defendant argues that this allegation is moot. Upon plaintiff's filing of this lawsuit, defendant investigated this allegation and found that the system did have a "glitch." Defendant asserts that it researched the amounts due and owing each employee, and it issued checks to all employees who were underpaid as a result of this glitch, including plaintiff Sloan and the three opt-in plaintiffs here. Plaintiff notes that the checks issued did not amount to double the lost time for FLSA liquidated damages.

-4-

Defendant's arguments—that the evidence presented by plaintiff and three opt-in plaintiffs reveals each putative plaintiff will have highly individualized claims—are premature. At the notice stage of certification, a court need only consider the substantial allegations of the complaint along with supporting affidavits or declarations. *Theissen*, 267 F.3d at 1102; *see Renfro*, 243 F.R.D. at 434. Time clock rounding is permitted under federal regulations. However, such rounding is unlawful if it consistently results in a failure to pay employees for time worked. 29 C.F.R. § 785.48; *see also Braun v. Superior Indus. Int'l Inc.*, No. 09-2560-JWL, 2010 WL 3879498, at *5 (D. Kan. Sept. 28, 2010) (holding that the relevant question is not whether the Kronos system is lawful or unlawful, but whether plaintiffs are required to perform pre- and post-shift work without compensation). The complaint sets forth sufficient allegations regarding a common policy—through the use of the timekeeping system and pre-shift policies that requires employees to be present and/or perform work without compensation—to meet its low burden at this stage. *See, e.g., Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1303–07 (D. Kan. 2010); *Braun*, 2010 WL 3879498, at *4–5; *Barnwell v. Corr. Corp. of Am.*, No 08-2151-JWL, 2008 WL 5157476, at *3–5 (D. Kan. Dec. 9, 2008). For these reasons, the court concludes that conditional certification of this action is appropriate for purposes of sending notice to potential class members. Plaintiff Sloan is designated as conditional class representative and her counsel as conditional class counsel. In the event that discovery reveals that this is not a proper case for collective action, defendants may move to decertify the class—and/or for summary judgment—at the close of discovery.

**Class Definition**

Defendant argues that, should the court conditionally certify a class, such class should not include auditors who worked in the Accounting Department/Data Processing Department because they were not subject to time clock rounding through the Kronos system. By way of reply, plaintiff

disputes this allegation based on the testimony of opt-in plaintiff Shanell Jackson, an auditor in the Accounting Department who performed work before her shift and was not compensated for it. The court will not evaluate the merits of the claims or make findings of fact at this stage. *See Renfro*, 243 F.R.D. at 435 (noting court will not reach the merits of plaintiffs' claims, "particularly when defendant's argument is more appropriately raised in a motion to dismiss or a motion for summary judgment").

However, the court is concerned that the class defined in the notice is misleadingly broad.[3] Plaintiff has limited her collective action claims to defendant's "non-exempt hourly dispatcher and auditor employees located at [defendant's] Kansas Administrative facility." The class for this FLSA collective action shall be that of <u>current and former Renzenberger nonexempt, hourly auditors and dispatchers located at the Kansas administrative facility who were employed in these positions from [three years before the date of this order] to the present and who did not receive compensation for earned wages including time worked in excess of forty hours per work week.</u> Plaintiff shall so define the class in her notice.

**Proposed Notice and Consent to Potential Plaintiffs**

Under the FLSA, the court has the power and duty to ensure fair and accurate notice, but it should not alter plaintiffs' proposed notice unless such alteration is necessary. *Lewis v. ASAP Land Express*, No. 07-2226-KHV, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008); *see also Gieseke v. First Horizon Home Loan Corp.*, No. 04-2511-CM, 2006 WL 2919076, at *1 (D. Kan. Oct. 11, 2006) (citing *Heitmann v. City of Chicago*, No. 04-C-3304, 2004 WL 1718420, at *3 (N.D. Ill. July 30, 2004)). Defendant raises specific objections to the proposed notice.

---

[3] Plaintiff's proposed Notice defines the class as "[a]ll current and former Renzenberger AUDITORS and DISPATCHERS who were employed in these positions from _____ to the present." (Doc. 36-7, at 2, para. intro., para. 2.)

Defendant's Objection No. 1: Defendant should not be required to produce telephone numbers for every prospective class member.

Defendant's Objection No. 2: Consent forms should be returned to the Clerk of the Court, not to plaintiff's counsel.

Defendant's Objection No. 3: The notice should provide prospective class members with defense counsel's telephone number as well as plaintiff's counsel's phone number for questions, and the notice should not include "Questions? Call 816-531-2277" at the bottom of every page.

Defendant's Objection No. 4: Section Three should inform prospective class members that they may be responsible for court costs should defendant prevail.

Defendant's Objection No. 5: Defendant argues that providing addresses for all current employees is sufficient and defendant should not also have to post notice at the worksite.

The court has considered defendant's objections, but overrules them. The proposed notice, although not particularly detailed, is fair and accurate and is substantially similar to many previously approved by the court. The procedural requirements relating to this notice are not unduly burdensome or unreasonable. The court approves the proposed notice, with the class definition set out by the court in the previous section.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA (Doc. 28) is granted as set out above. The class shall consist of current and former Renzenberger nonexempt, hourly auditors and dispatchers located at the Kansas administrative facility who were employed in these positions from three years before the date of this order to the present and who did not receive compensation for earned wages including time worked in excess of forty hours per work week. Plaintiff Sloan is designated as conditional class representative and her counsel as conditional class counsel.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, defendant is directed to post the notice at its Kansas facility in an area readily and routinely available for review by potential class members, and to provide plaintiff with the names and current or last known addresses and telephone numbers for all current and former auditors and dispatchers who have worked for defendant at any time since three years prior to the date of this order.

Dated this 15th day of April 2011, at Kansas City, Kansas.

>  **s/ Carlos Murguia**
>  **CARLOS MURGUIA**
>  **United States District Judge**