IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHNNYETTE SLOAN, on behalf of** )
**herself and all others similarly situated**, )
  )
           **Plaintiffs,** )
  )
**v.** )
  )   No. 10-2508–CM–JPO
  )
**RENZENBERGER, INC.,** )
  )
           **Defendant.** )
  )

## MEMORANDUM AND ORDER

Plaintiff Johnnyette Sloan, on behalf of herself and all others similarly situated, brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*[1] This matter is before the court on the parties' Joint Motion to Approve Settlement Agreements and Motion to Dismiss with Prejudice (Doc. 116).

To avoid costs and uncertainty of litigation, the parties have negotiated a settlement of the wage and hour claims of all of the opt-in plaintiffs in this matter. These claims include the claims that the opt-in plaintiffs asserted under the FLSA. The parties have also negotiated a settlement of all of plaintiff Sloan's claims, including but not limited to, claims asserted under the FLSA and FMLA.

---

[1] (*See* Docs. 1, at 15; 36, at 1–2). Since this action was filed, twenty-one plaintiffs have opted-in. Plaintiff Sloan's complaint also asserts a class action under Kansas law for breach of contract; unjust enrichment; and violation of the Kansas Wage Payment Act, Kan. Stat. Ann. § 44-312, *et seq*. She also brings individual claims against Renzenberger for violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA").

Defendant does not admit liability or wrongdoing under the FLSA, the FMLA, or any other basis. The opt-in plaintiffs have agreed to release defendant from any liability as a result of any claims they brought or could have brought under the FLSA (as well as other wage and hour claims). Plaintiff Sloan has agreed to release defendant from any liability as a result of any claims she brought or could have brought under the FLSA or the FMLA (as well as all other claims). Plaintiff further agrees to dismiss this action with prejudice, including all claims asserted on an individual and representative basis, each party to bear her, his, or its own costs.

The proposed Settlement Agreements were submitted to the court. These Agreements were individually negotiated, and the parties stipulate that the settlement amounts represent fair and reasonable resolutions as to each claimant, including any and all possible FLSA claims, and including for plaintiff Sloan all possible FMLA claims. The parties ask the court to approve their proposed settlement of FLSA collective action claims.

If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement to promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Peterson v. Mortg. Sources Corp.*, No. 08-2660-KHV, 2011 WL 3793963, at *5 (D. Kan. Aug. 25, 2011). However, the court must scrutinize the settlement for fairness. *Peterson*, 2011 WL 3793963, at *4. And when a plaintiff has voluntarily assumed the fiduciary role of class representative, the court must determine "whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011) (quoting *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1314 (4th Cir.

1978)).[2]

It appears in this case that plaintiff Sloan is receiving as much as 500 times the amount that other opt-in plaintiffs are receiving. Although the terms of the agreement specify that the amount plaintiff Sloan is receiving in satisfaction of her alleged lost wages under the FLSA is comparable to that of the other opt-in plaintiffs, she is also receiving a payment for alleged liquidated damages under the FLSA and FMLA, and payments for other unspecified damages related to alleged lost wages.

On this record, the court has concerns about whether the proposed settlement allocation is fair and reasonable. The court prefers to promote settlement of claims, but unfortunately cannot do so at this time based on the information contained in the Settlement Agreements here. On or before October 28, 2011, the parties may file a renewed motion to approve settlement that (1) accounts for the discrepancy between the payment to plaintiff and the other opt-in plaintiffs by itemizing the claims to which the payments apply, and/or (2) explains why it is fair and reasonable for plaintiff Sloan, and not other opt-in class members, to receive liquidated and other damages under the Settlement Agreements.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Approve Settlement Agreements and Motion to Dismiss with Prejudice (Doc. 116) is denied without prejudice.

**IT IS FURTHER ORDERED** that on or before October 28, 2011, the parties may file a renewed motion to approve settlement in accord with the foregoing order.

---

[2] The court notes that the proposed Settlement Agreements do not provide for attorney's fees, but finds that the absence of an award of reasonable attorney's fees and/or costs do not prevent the court from approving the Settlement Agreements.

-4-

Dated this 13th day of October 2011, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**